```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JAMES HOLBERT,

        Plaintiff,

v.                                                  Civil Action No. 1:12CV159
                                                                             (STAMP)

OMG, LLC, formerly know as
North East Mud Services Company,
LLC (NEMSco), a West Virginia
limited liability company,
BAKER HUGHES INCORPORATED,
successor-in-interest by acquisition
to North East Mud Services Company,
LLC (NEMSco), a Delaware corporation,
RANGE RESOURCES CORPORATION, individually
and/or through its subsidiary,
RANGE RESOURCES-APPALACHIA, LLC,
a Delaware corporation,

        Defendants,

and

GREENE'S ENERGY SERVICES, INC.,
a Wyoming corporation,

        Defendant and
        Third-Party Plaintiff,

v.

GREENE'S ENERGY GROUP, LLC,

        Third-Party-Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>DENYING DEFENDANT GREENE'S ENERGY SERVICES,</u>**
**<u>INC.'S MOTION FOR SUMMARY JUDGMENT AND</u>**
**<u>GRANTING IN PART AND DENYING IN PART</u>**
**<u>PLAINTIFF'S MOTION TO AMEND</u>**

I.  Procedural History

The plaintiff, James Holbert, filed this products liability and personal injury action in the Circuit Court of Harrison County, West Virginia. The plaintiff alleges that he received several injuries when he was electrocuted at Range Resources Appalachia LLC's ("Range Resources") Hewitt, Douglas well site in Taylorstown, Pennsylvania ("well site") while employed by Northeast Energy Management, Inc. The defendants jointly removed this civil action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, citing jurisdiction in this Court pursuant to 28 U.S.C. § 1332(a).

Thereafter, defendant, Greene's Energy Services, LLC ("Greene's Services"), filed a motion for leave to file a third-party complaint against Greene's Energy Group, LLC ("Greene's Group"). Former defendant, OMG, LLC ("OMG"), then filed a proposed partial dismissal order. This Court granted both motions, in separate orders, allowing Greene's Services to file a third-party complaint and dismissing OMG with prejudice, thereby terminating OMG from this case. Greene's Services then filed a third-party complaint against Greene's Group arguing that Greene's Group supervised the well site in question and thus is the actual party liable to the plaintiff under Count VI of the plaintiff's complaint.

Greene's Services then filed a motion for summary judgment as to Count VI of plaintiff's complaint, which asserts claims against

Greene's Services.  After the motion for summary judgment was fully briefed, the plaintiff filed a motion for leave to amend the complaint in order to add claims against the newly-added third-party defendant, Greene's Group.  That motion is also fully briefed.

## II.  <u>Facts</u>

On April 24, 2010, the plaintiff was climbing the stairs of a mud-shaker at the well site when an electrical supply wire came into contact with the stairs and allegedly electrocuted him.  The plaintiff alleges that he was then thrown ten feet to the ground and seriously injured.

Before the incident, however, the plaintiff alleges that OMG had leased, placed, installed, and wired the mud-shaker for use at the well site.  Further, the mud-shaker was supplied electricity by a diesel generator that was also furnished, leased, installed, and connected by OMG personnel.  The plaintiff alleges that the generator did not have an overload safety device, a ground rod, or an emergency "kill" switch.  In addition, the plaintiff avers that after the generator was installed, Range Resources decided that the electrical wiring from the generator to the mud-shaker needed modified.  Allegedly, Range Resources contracted with Greene's Services to do so.

The plaintiff contends that Greene's Services placed the wiring between or near metal steps and the mud-shaker's platform

or, in the alternative, lodged the wiring between the metal steps and the mud-shaker's metal platform. Further, the plaintiff alleges that this wiring was installed directly from the generator to the mud-shaker without a circuit breaker. This defective wiring, the plaintiff avers, caused the incident that occurred on April 24, 2010.

Specifically, in Count VI of the plaintiff's complaint, the plaintiff asserts that Greene's Services violated a duty to discover and disclose the unsafe and defective nature of the generator which allegedly caused the plaintiff's injuries. Additionally, the plaintiff alleges that Greene's Services violated a duty to modify the generator's wiring "in a workman-like manner with the skill and knowledge of a reasonable electrical contractor." The plaintiff also alleges that the violation of the duty owed to him by Greene's Services was the direct and proximate cause of the plaintiff's injuries and, as a result of that violation, the plaintiff was severely injured.

### III. Applicable Law

A. Motion for Summary Judgment

Under Rule 56(d) of the Federal Rules of Civil Procedure,

> When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

5

Further, summary judgment is generally appropriate only after adequate time for discovery. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson, 477 U.S. at 250 n.5. However, "great weight [is placed] on the [Federal Rule of Civil Procedure] Rule [56(d)] affidavit, believing that a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirements of Rule [56(d)] to set out reasons for the need for discovery in an affidavit." Id. at 961. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B.   Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

## IV. Discussion

### A. Motion for Summary Judgment

Greene's Services contends that (1) neither was it under a contract with Range Resources to provide electrical equipment, generators, and/or wiring to the well site, nor was it present at the well site the date of the incident, thus it did not owe a duty of care to the plaintiff; and (2) Greene's Group was engaged in the electrical work at the well site and was also present at the well site the date of the incident, thus it is the appropriate party. Because of these two contentions, Greene's Services argues that the plaintiff cannot prove an essential element of his claim, that a duty of care was owed, and thus summary judgment is appropriate.

On the other hand, the plaintiff argues that Greene's Services has not shown that it was not present at the well site at any time.

Rather, the plaintiff contends that Greene's Services performed work at the well site four days prior to the incident and thus it is still unclear whether Greene's Services performed the particular work at issue.  Further, the plaintiff asserts that fact discovery is not complete and that he has not had a sufficient opportunity to determine each defendant's responsibility for his injuries.  The plaintiff contends that such evidence is in Greene's Services' control and that depositions of the defendants and their employees are required for the plaintiff to obtain the best information about the cause of his injuries.  The plaintiff thus concludes that a genuine issue of material fact exists and summary judgment is inappropriate.  The plaintiff also filed a Rule 56(d) affidavit which makes the same arguments.

In its reply, Greene's Services argues that the plaintiff has failed to show that Greene's Services engaged in any activity contributing to the plaintiff's injuries.  Further, Greene's Services contends that the plaintiff's affidavit has made a general assertion about the work Greene's Services performed at the well site and has not established or specifically asked for discovery that will establish what type of work was performed by Greene's Services.  Accordingly, it asserts, no set of facts which could be discoverable could establish liability. Finally, Greene's Services argues that even if it is dismissed from this case, the plaintiff

will still be able to conduct the requested discovery and take depositions of representatives of Greene's Services.

Under West Virginia law, "[i]n order to establish a prima facie case of negligence [ ], it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken." Miller v. Whitworth, 455 S.E.2d 821, 824 (W. Va. 1995). The determination of whether there is a duty is a question of law and not a question of fact for the jury. Id. Further, under West Virginia law, "it is well established that [o]ne who engages in affirmative conduct, and thereafter realizes or should realize that such conduct has created an unreasonable risk of harm to another, is under a duty to exercise reasonable care to prevent the threatened harm." Robertson v. LeMaster, 301 S.E.2d 563, 611-12 (W. Va. 1983).

The plaintiff in this case alleges that a duty to exercise reasonable care was owed by Greene's Services to him because it performed work on the well site, specifically it performed electrical work on the generator and mud-shaker. Greene's Services denies that it performed any work on the well site that would have led to a duty of care connected to the plaintiff's injuries which is shown by the work logs kept at the well site. The plaintiff, however, argues that he is unable to determine whether or not Greene's Services' work at the well site involved the generator or

9

the mud-shaker because he has been unable to perform depositions and is not in receipt of discovery materials that Greene's Services has. Further, the plaintiff filed an affidavit pursuant to Rule 56(d) stating as much. Thus, the plaintiff contends that he has attempted to prove the facts underlying the duty of care element and has been unable to do so because discovery has not taken place that would allow him to present those facts.

To reiterate, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Based on the arguments made by the parties, it is unclear who owed a duty of care to the plaintiff, either Greene's Services or Greene's Group, or both. The plaintiff has averred that he has not conducted depositions of the representatives of Greene's Services and needs to do so in order to determine what work Greene's Services actually completed on the well site. This fact will be determinative of whether or not Greene's Services is by itself liable, jointly liable with Greene's Group, or is not liable at all and was incorrectly joined in this action. Because the plaintiff has shown that for specified reasons -- he has not been able to conduct depositions -- he is unable to present facts essential to justify

his position, Greene's Services motion for summary judgment must be denied under Rule 56(d). Accordingly, based on the affidavit submitted by the nonmovant and his underlying brief, this Court finds that the best action at this time is to deny the motion for summary judgment because of the need for more discovery in this action.

B.  Motion for Leave to Amend

The plaintiff's motion for leave to amend asks for leave so that the plaintiff may add claims against the third-party defendant who was added by Greene's Services, Greene's Group. The plaintiff contends that Greene's Services alleges in its third-party complaint that it was actually Greene's Group who supervised the work site that the plaintiff was injured on and that if those allegations are true, Greene's Group will be the actual party liable to the plaintiff under Count VI of his complaint. Further, he asks that he may amend the complaint to remove OMG from the caption of this case because this Court has dismissed OMG as a defendant.

Greene's Group, in an untimely response, contends that the plaintiff should not be allowed to join it as a defendant because the plaintiff failed to dutifully investigate. Greene's Group argues that because the plaintiff failed to dutifully investigate, significant discovery has now taken place and adding it as a third-party defendant will result in prejudice. To support this claim,

11

Greene's Group claims that three depositions have already taken place and that its lack of participation in those depositions will lead to substantial prejudice.

In his reply, the plaintiff argues that he was not dilatory in naming Greene's Group as a defendant and at worst had known about it as a defendant for five months. Second, the plaintiff asserts that Greene's Group will not be prejudiced because only one deposition was taken before Greene's Group was impleaded by another defendant. Further, the plaintiff contends that Greene's Group will have all other discovery materials available to it and thus, it will be privy to the same information as all other parties except for one deposition. Finally, the plaintiff argues that because trial is almost a year away and this Court has granted additional discovery time for the parties, Greene's Group will have enough time to complete the discovery that it has missed.

Again, leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984). Greene's Group asserts that the plaintiff has moved for amendment

12

after undue delay and that it will be prejudiced by the amending of the complaint.  In support of this assertion, Greene's Group contends that the plaintiff had ample time to join it and should have known of its existence through proper investigation.  Further, Greene's Group argues that the depositions that have been taken in this case without the presence of Greene's Group, especially the deposition of a representative of North East Energy Management Incorporated, will prejudice it in defending itself in this case.

  The plaintiff avers that it has only known of Greene's Group's presence for, at the most, five months.  Further, he argues that even this calculation is generous given that Greene's Services did not file a third-party motion until much later.

  This Court finds that the plaintiff has not filed this motion with undue delay.  The plaintiff filed his motion a little over a month after the third-party complaint had been filed by Greene's Services.  At this point, the plaintiff would have been aware of the fact that Greene's Services was attempting to shed liability by asserting a claim against Greene's Group.  Thus, this Court finds that a one month delay between the time at which the plaintiff learned of the true nature of the claim against Greene's Group did not constitute undue delay.

  Further, even if the plaintiff was first notified of Greene's Group's presence five months before the motion was made, it was not undue delay by the plaintiff in not filing at that time.  It

appears from the facts presented by the parties that the plaintiff did not have new facts or new evidence until that point. Overwhelmingly, district courts will only deny a motion to amend for excessive delay where the moving party has not presented any new evidence from the time at which the initial complaint was filed, the delay was a lengthy period of time (usually extending over a year), and/or discovery has been completed for a long period of time.[1] In this case, the plaintiff has shown that there was new evidence since the time of filing the complaint. Further, five months is not an excessive delay that extended over a lengthy period of time, especially considering the fact that discovery has not been completed and is not due until May 2, 2014. ECF No. 45. Consequently, Greene's Group's argument that the plaintiff's filing was made with undue delay does not carry the day.

As for Greene's Group's contention that it will be unduly prejudiced because of the depositions that have taken place, the docket report shows that three depositions have taken place (although the plaintiff states that only one took place before

---

[1] Combs v. PriceWaterhouse Coopers LLP, 382 F.3d 1196 (10th Cir. 2004) (motion to amend denial upheld where over 15 months had passed from filing of first amended complaint before seeking leave to amend, and movant offered no new evidence as grounds for amendment); Somascan, Inc. v. Philips Medical Systems Nederland, 714 F.3d 62 (1st Cir. 2013) (motion to amend denial upheld where movant had waited 17 months passed the deadline for amendments and presented no persuasive argument for the delay); Net MoneyIN, Inc. v. VeriSign, Inc., 545 F.3d 1359 (Fed. Cir. 2008) (motion to amend denial upheld where the motion was filed 20 months after the amendment deadline and four months after discovery was completed).

Greene's Group was added) before Greene's Group was pleaded in as a third-party defendant. ECF Nos. 20, 23. Further, the plaintiff concedes, and the docket report shows, that some written discovery was exchanged prior to Greene's Group becoming a party (corporate disclosure statements and initial disclosures pursuant to Rule 26(a)(1)).

"It is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986). In this case, the parties are still engaged in discovery and are far from a trial date. District courts may consider the completion of some discovery in its analysis of prejudice but there are several factors that weigh in favor of granting a motion to amend where discovery is still open.

For instance, in this case, the plaintiff's deposition has not been taken and further, there is still ample time for discovery; both factors that weigh against Greene's Group's prejudice argument. Scott v. Family Dollar Stores, Inc., 12-1610, 2013 WL 5630636 (4th Cir. Oct. 16, 2013) (finding that because the parties were still in discovery, and many steps removed from trial, the non-moving party would not be prejudiced); Sharkey v. Home Depot

15

USA, Inc., CV-00-1038-ST, 2001 WL 811031 (D. Or. May 17, 2001) (allowing motion to amend where plaintiffs had filed the motion while discovery was ongoing and the depositions of plaintiffs were yet to be taken). Additionally, the claim that the plaintiff is alleging against Greene's Group is the same claim he has asserted against Greene's Services. Thus, discovery would not be increased by the amendment, no new theories of relief are being added to the plaintiff's complaint, and thus this too goes against Greene's Group's argument that it will be prejudiced. N. Am. Catholic Educ. Programming Found., Inc. v. Womble, Carlyle, Sandridge & Rice, PLLC, 887 F. Supp. 2d 78, 87 (D.D.C. 2012) (motion to amend denied where the plaintiff was attempting to allege new theories of breach and alter the factual foundations for some claims). Accordingly, the defendant has not shown that it will be unduly prejudiced by the plaintiff's amendment to his complaint and the plaintiff's motion should be granted as to adding the claim against Greene's Group.

C.  Removal of OMG

This Court notes that the plaintiff also asks in his motion for leave to amend that he be able to amend the complaint so as to remove OMG as a defendant. As previously noted, OMG was dismissed with prejudice by this Court pursuant to a joint partial dismissal filed by the plaintiff and OMG. ECF No. 26, 28. This Court's policy is to not remove a party's name from the caption heading

16

unless it is necessary to do so for trial purposes. Thus, inasmuch as the plaintiff's motion for leave to amend asks that OMG be removed, the motion is denied.

## V. Conclusion

For the reasons stated above, the defendant Greene's Energy Services, Inc.'s motion for summary judgment is DENIED. Further, the plaintiff's motion for leave to amend his complaint is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: October 30, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE